WHITE *v.* TWO HUNDRED AND NINETY-TWO THOUSAND THREE HUNDRED DOLLARS, Proceeds of the Steam-Boats Americus, etc.[1]

*(District Court, E. D. New York. December 28, 1883.)*

1. SHIP'S HUSBAND—LIEN—PROCEEDS OF SALE OF VESSEL.
    There is no lien on moneys, the proceeds of the sale of steam-boats, in favor of one who acted in the capacity of ship's husband, for sums paid by him in satisfaction of demands claimed to be at the time subsisting maritime liens on the vessels, such proceeds not being in his hands.

2. SAME—EXCEPTION TO LIBEL.
    Exception to a libel claiming such a lien on proceeds of certain vessels was sustained and the libel dismissed.

In Admiralty.

*D. & T. McMahon,* for libelant.

*Blair, Snow & Rudd,* (*R. D. Benedict,* of counsel,) for respondent.

BENEDICT, J. This case comes before the court upon exception to the libel, upon the ground, among others, that the libel fails to state facts, showing the libelant, R. Cornell White, to have a lien upon the moneys proceeded against. These moneys, as the libel shows, are the proceeds of certain steam-boats, of which vessels the libelant was ship's husband. The claim sought to be enforced against these moneys consists of various sums paid from time to time by the libelant, while acting in the capacity of ship's husband, in satisfaction of certain demands, which were at the time, as the libelant claims, subsisting maritime liens upon the respective vessels. Upon this statement the libelant had no lien upon the vessels, and has none upon the proceeds, not being in his hands. The authorities are clear to the effect that a ship's husband has no lien upon the ship for sums paid by him in satisfaction of the ship's bills. *The Larch,* 2 Curt. C. C. 427; *The Sarah J. Weed,* 2 Low. 556; *The J. C. Williams,* 15 FED. REP. 558. These cases are decisive of the present case. If authority were wanting, my opinion would still be adverse to the libelant. The libelant cannot maintain this action if he could not maintain an action against the vessels themselves, and there are, in my opinion, strong considerations which should forbid a ship's husband to acquire, as against his principals, a lien upon their vessel for payments which he is employed to make for them, and which he makes for a compensation paid him.

This exception to the libel is therefore well taken, and the libel must be dismissed, with costs.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.