CHINA MUT. INS. CO. v. WARD et al.

(Circuit Court of Appeals, Second Circuit. February 9, 1894.)

No. 55.

MARINE INSURANCE—INSURABLE INTEREST—ADVANCES BY AGENT.

A ship's general agent, even though acting under a power of attorney authorizing him to sell, manage, direct, charter, and freight, has presumptively no maritime or equitable lien, or other insurable interest in the vessel, for advances made in the course of the agency.

Appeal from the circuit court of the United States for the Southern District of New York.

At Law. Action by Josiah O. Ward and Joseph Ware against the China Mutual Insurance Company on a policy of marine in-

surance. A verdict was directed for plaintiffs in the court below, and, from the judgment entered thereon, def adant brings error. Reversed.

Clark & Bull, (J. L. Ward, of counsel,) for plaintiff in error.
Henry D. Hotchkiss and Wm. S. Maddox, for defendants in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiffs, entered upon the verdict of a jury by the direction of the trial judge.

The action was on a marine policy issued June 21, 1888, by the defendant, insuring the plaintiffs, for account of whom it might concern, "$5,000 on advances on bark Victor at and from New York to Tampico, at and thence to Minititlan, and at and thence to New York." Inserted in the policy was a special clause, as follows:

"This policy covers only the interest of the assured in advances and disbursements, without reference to other insurance which may have been effected on the vessel, freight, or disbursements, free of general average, and liable for any loss which the assured may suffer in consequence of perils of the seas, whereby the value of the property pledged to cover the advances made is reduced below the amount of said advances; the net amount realized from the sale of said pledged property, or, if not sold, its net value after the disaster, being deducted in all cases from the amount insured, in determining the amount of claim."

It appeared upon the trial that the plaintiffs had been, since 1882, the agents at New York city for the owner of the vessel, acting under a power of attorney authorizing them to sell, manage, direct, charter, and freight the vessel, and during the years 1886, 1887, and 1888, in the course of their business for the vessel as such agents, had made disbursements and advances, which were unpaid at the time of the insurance and loss, to the amount of over $6,000. The vessel was a British ship, and her owner resided in Mexico. The vessel was wrecked in March, 1889, while on the voyage covered by the insurance, and became a total loss.

The exceptions taken upon the trial, and the assignments of error, present the questions whether the plaintiffs had any lien upon the vessel for the disbursements and advances, or any insurable interest in the vessel. If these questions ought to be ruled adversely to the plaintiffs, the trial judge erred in directing a verdict for them, and in not directing a verdict for the defendant, as requested upon the trial.

The language of the special clause denotes very plainly that it was the purpose of the policy to indemnify the plaintiffs against the contingency that, by disaster to the vessel, their security for advances might be lost or impaired. The phrase "property pledged to cover the advances" is broad enough to cover any interest arising from an hypothecation of any character, whether by way of mortgage, maritime lien, or equitable lien; but it has no significance unless it is intended to evince that the insured interest is

one in the nature of a security upon the vessel. It is to be presumed that the parties intended to make a valid insurance, and the contract made would be a mere wager policy if it were intended to insure a debt owing to the plaintiffs, in respect to which they would suffer no pecuniary loss as a consequence of the loss of the vessel.

We cannot discover that the plaintiffs had any interest in the vessel in the nature of a security for their advances, or that they occupied any relation towards the subject-matter of the insurance other than that of a general creditor of the owner. A ship's husband does not have a maritime lien upon the vessel for the advances made in the course of his agency for the owners, in the absence of an express contract with them to that effect, or of peculiar circumstances from which such a contract should be implied. Presumptively, he relies upon the credit of the owners. The Larch, 2 Curt. 427; The Sarah J. Weed, 2 Low. 555; White v. The Americus, 19 Fed. 848; The Raleigh, 32 Fed. 633; The Esteban de Antunano, 31 Fed. 920.

The power of attorney did not effect an hypothecation, or give the plaintiffs an equitable lien upon the vessel. It was not coupled with an interest, or given as security to the plaintiffs, but was merely a naked power, revocable by the principal at any time. Hunt v. Rousmanier, 8 Wheat. 174; Hartley's Appeal, 53 Pa. St. 212; Walker v. Denison, 86 Ill. 142; Barr v. Schroder, 32 Cal. 609; Attrill v. Patterson, 58 Md. 226. It did not confer upon them the right to sell the vessel for their own benefit, and any authority exercised under it would have been, in law, the act of the owner, and exercised solely for his benefit.

Upon the facts proved at the trial, the defendant was entitled to a verdict, and, for the error in refusing the request for an instruction to the jury to that effect, the judgment must be reversed.