### THE ADVANCE.

### HARD et al. v. THE ADVANCE.

(District Court, S. D. New York. July 11, 1894.)

MARITIME LIENS—ADVANCES—BY SHIP'S AGENT.

When bankers, acting as agents for a line of steamers in a foreign port, are used to advance the steamers such moneys as they may need on leaving, and to render an account monthly for such advances and their commissions, and to draw on the steamship company for the amount due, they are giving credit to the company, and have no lien on the ships for their advances.

In Admiralty. Libel by Anson W. Hard and others against the proceeds of the sale of the steamship Advance, for certain disbursements and commissions. Libel dismissed.

Cary & Whitridge and W. P. Butler, for libelants.

Carter & Ledyard and Mr. Baylies, for Atlantic Trust Co., mortgagee.

BROWN, District Judge. The above libel was filed by the libelants, bankers in New York, to enforce an alleged maritime lien for moneys advanced at Victoria, Brazil, by a branch house of the libelants' firm, for the purpose of disbursing the steamship Advance upon her last departure from that port before the failure of the United States & Brazil Mail Steamship Company, her owners, in February, 1893.

The libelants' branch house had been acting as the agents of the company's steamers at Victoria for about a year previous, under a power of attorney executed to them by the steamship company, dated March 3, 1892. This power of attorney authorized them "to sign bills of lading, receive and deliver goods, contract for freight, issue passage tickets, receive money, audit and settle claims, and generally to do and perform the business of steamship agents for and in behalf of said company at the port of Victoria, Brazil, aforesaid." The course of business under this power of attorney was for the Victoria house, as the ship's agents, to advance such moneys as were necessary for the company's various ships on sailing from Victoria, which left there about once a month; to render an account thereof to the steamship company, including their commissions of 5 per cent. on the freights obtained at Victoria, and 2½ per cent. on their advances; and after crediting any collections of money made there, to draw on the steamship company at New York at 30 days' sight for the residue.

The advances in this case were made in the usual course of business, without any agreement for a lien, or any hypothecation of the ship or freight, or any understanding that the advances were made upon the credit of the ship or freight. The balance due for disbursing the Advance when she left Victoria in February, 1893, was $661.23; and the libel is filed for that amount. Of this balance a little over two-fifths is made up of commissions, and the rest is for advances. A draft at 30 days' sight was drawn on the company at New York as usual, and forwarded to the libelants' principal house here for collection. On presentment it was not accepted or paid, the company being then in the hands of a receiver.

Upon the above facts, and I find no other facts to modify their force, the great weight of authority is, that the dealings between the steamship company and the agents of their ships at Victoria were presumptively on the personal credit of the owners alone, and that no maritime lien can be implied. See The Esteban De Antunano, 31 Fed. 920; Insurance Co. v. Ward, 8 C. C. A. 229, 59 Fed. 712; The Raleigh, 32 Fed. 633, affirmed 37 Fed. 125; and other cases there cited.

It is said that the branch house at Victoria contained some different partners from the New York house, and that the moneys supplied to disburse the ships were really the moneys of the New York house supplied to the Victoria branch. But this does not change the relations of the parties. The only dealings of the steamship company, or of their masters or officers, were with the Victoria branch house under the power of attorney given to that house. The money supplied by the New York house to the Victoria

branch, if the latter was legally a different body, became the moneys of the latter. The libelants, in that event, could claim a lien by subrogation only, and in this case there was no lien to which they could be subrogated.

The cases of supplies in a foreign port by material men, and others, who were not the agents of the owners, are here inapplicable.

On these grounds, the libel must be dismissed, with costs.