**TITAN SECURITY, LTD., an Illinois corporation, Plaintiff,**

v.

**Ronald D. LAURIA, Defendant.**

No. 94 C 1278.

United States District Court,
N.D. Illinois,
Eastern Division.

May 3, 1995.

John S. Carroll, J. Timothy Cerney, C. Richard Farmer, Diana J. Faust, Carroll, Hartigan & McCauley, Ltd., Chicago, IL, for plaintiff.

Steven Brian Belgrade, Belgrade & O'Donnell, Chicago, IL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

CASTILLO, District Judge.

Plaintiff Titan Security Ltd. ("Titan") has brought this case pursuant to this Court's admiralty and maritime jurisdiction provided for in 28 U.S.C. § 1333. Count One of plaintiff's complaint is a claim to quiet title to a vessel and to cancel defendant Ronald D. Lauria's ("Lauria") purported lien on a vessel. Count Two of plaintiff's complaint seeks to recover costs, attorney's fees and punitive damages from Lauria for slander of the title of the vessel. Plaintiff Titan has moved for partial summary judgment in its favor as to Count One of the Complaint which this Court hereby grants because the undisputed facts entitle Titan to judgment with respect to this Count.

### *STANDARD*

A movant is entitled to summary judgment when the moving papers and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). The court must view all evidence in a light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d

656, 659 (7th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987), and draw all inferences in the nonmovant's favor, *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir.1990). However, if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted, *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Flip Side Productions, Inc. v. Jam Productions, Ltd.,* 843 F.2d 1024, 1032 (7th Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988).

## DISCUSSION

Applying this standard, it is apparent that the defendant has not identified any genuine issue of material fact for trial. Titan's motion for partial summary judgment seeking a declaration that the maritime lien filed by Lauria is illegal and void may be decided upon the resolution of a single factual issue which Titan has established and which Lauria has failed to rebut. Titan is, therefore, entitled to a judgment as a matter of law declaring that the maritime lien filed by Lauria is void.

▮ The validity of the maritime lien in this case turns upon Lauria's status with Titan at the time the repairs were performed on and services provided to the vessel known as the *Titan Spirit III.* Pursuant to the Notice of Claim of Lien filed by Lauria, the dates the equipment was furnished, labor provided and the vessel shipped for repairs were April 1990 through December 1993. Because Lauria was an owner or agent of the vessel during that period, no further inquiry is required because, as a matter of law, an owner or agent of a vessel is not entitled to a maritime lien for advances he makes for repairs to the vessel. *The Gyda,* 235 F. 266 (D.C.Maine, 1916); *The Centaurus,* 291 F. 751 (4th Cir.1923).

▮ The record in this case establishes that during the entire time period of April 1990 through December 1993, it is undisputed that Lauria was an owner of Titan (with an ownership interest of 100% until Septem-ber 1992 and 49% from September 1992 to the present) and a senior executive officer of Titan. The Mairson Affidavit establishes Lauria's ownership and employment status with Titan during the relevant period; Lauria's affidavit does not materially dispute these facts. In fact, Titan and Lauria concur that Lauria was discharged from employment at Titan on January 10, 1994. Lauria asserts that at the end of 1993 Lauria "had no influence over repairs to the vessel." However, Lauria's influence over repairs to the vessel at the end of 1993 is irrelevant because by that time all the repairs to the vessel for which Lauria improperly claims a lien had been completed.[1] Lauria's Response and affidavit do not dispute that Lauria was an officer and agent of Titan during the period the repairs were being provided to the vessel. Under *The Gyda* and *The Centaurus,* Lauria, as a stockholder, officer and agent of Titan, is precluded from maintaining a valid maritime lien. Moreover, Lauria asserts that he was a contract purchaser of the vessel (Lauria Affidavit, ¶3) at the time the repairs were provided to the vessel. As a contract purchaser of the vessel, Lauria would certainly be regarded as an owner of the vessel for purposes of determining the validity of a maritime lien. Finally, as an agent and owner of the Titan, Lauria is presumed to have made the advances on the credit of the owner, and Lauria has failed to provide any evidence which would rebut that presumption.

## CONCLUSION

The determination of a single factual issue, Lauria's status with Titan, is sufficient to dispose of Titan's motion for partial summary judgment as to Count I seeking a declaration that the maritime lien filed by Lauria is illegal and void. It is uncontroverted that Lauria was an agent and owner of Titan at the time the repairs to the vessel were made. For the foregoing reasons, Titan is entitled to partial summary judgment

---

1. While there may exist a question as to Lauria's relationship with Titan on and after January 10, 1994, there is no uncertainty as to Lauria's relationship with Titan during the time the repairs to the vessel were being provided. Lauria's relationship with Titan at any time after the repairs were provided is outside the scope of relevant inquiry for purposes of this motion.

in its favor as to Count I of the Complaint as a matter of law.