### THE ASCUTNEY.

### UNITED STATES v. SAFE DEPOSIT & TRUST CO. OF BALTIMORE.

(Circuit Court of Appeals, Fourth Circuit. March 23, 1923.)

No. 1989.

Maritime liens ⬳21—Furnisher of necessaries to charterer, held not entitled to lien.

One furnishing necessaries to the charterer of a vessel with knowledge of the terms of the charter party under which the charterer was without authority to bind the vessel *held* not entitled to a lien, under Act June 23, 1910, § 3 (Comp. St. § 7785), and Merchant Marine Act June 5, 1920, § 30, subsec. R.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by the Safe Deposit & Trust Company of Baltimore, executor of the estate of Wilbur F. Spice, deceased, against the United States, as owner of the steamship Ascutney. Decree for libelant (278 Fed. 991), and the United States appeals. Reversed.

Arthur M. Boal, Sp. Asst. U. S. Atty., of Boston, Mass. (Amos W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for the United States.

George Forbes, of Baltimore, Md. (Henry L. Wortche, of Baltimore, Md., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. In November, 1920, the steamship Ascutney, owned by the United States and chartered to the Ascutney Steamship Company, came into the port of Baltimore, in ballast, consigned to Wilbur F. Spice, doing business as Wilbur F. Spice & Co., as agent. The agent paid the charges against the ship for night engineer, quarantine fumigation, launch hire, customs entry, tonnage tax, inward pilotage, and other small items, aggregating $393.34.

The District Court held that these advances would have constituted liens against a ship privately owned, and that, therefore, the United States, as owner, is liable for them in personam under section 2 of the Act of March 9, 1920 (41 Stat. 525). The charter provided:

"The charterer will not suffer nor permit to be continued any lien, incumbrance, or charge which has or might have priority over the title and interest of the owner of said vessel."

By act of June 23, 1910, 36 Stat. 604, § 3 (Comp. St. § 7785), and section 30 of the Merchant Marine Act of 1920 (41 Stat. 988, § 30, subsec. R), the furnisher cannot acquire a lien for necessaries, where the charterer or conditional vendee contracts not to suffer or permit any lien on the vessel, unless the furnisher has failed after reasonable diligence to ascertain that the charter so provides. In this instance the record shows that the furnisher actually knew all the provisions of the charter.

It follows that the decree must be reversed, and the libel dismissed, on the authority of United States v. Carver, 43 Sup. Ct. 181, 67 L. Ed. ——, decided January 2, 1923.

Reversed.

KNAPP, Circuit Judge, who took part in the hearing of this case, died before the opinion was announced.