**UNITED STATES et al. v. RAPID COALING & TRANSFER CO., Inc.**

(Circuit Court of Appeals, Fourth Circuit. April 10, 1923.)

No. 1990.

Maritime liens &wkey;21—Furnisher of coal to charterer held not entitled to lien.

    Under Act June 23, 1910 (Comp. St. §§ 7783–7787), as re-enacted by Merchant Marine Act June 5, 1920, § 30, subsecs. P–T, where a company furnishing coal to charterers of a vessel, who were without authority to bind the vessel therefor, did nothing to inform itself of the ownership of the vessel, or of the existence of charter parties affecting it, although such information could have been acquired by the exercise of reasonable diligence, the company was not entitled to a lien for the coal.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by the Rapid Coaling & Transfer Company, In-

corporated, against the United States and another. From a decree for libelant, respondents appeal. Reversed, and libel dismissed.

Arthur M. Boal, Sp. Asst. U. S. Atty., of Boston, Mass. (Robert R. Carman, U. S. Atty., of Baltimore, Md., on the brief), for appellants.

H. N. Abercrombie, of Baltimore, Md. (J. Craig McLanahan, of Baltimore, Md., on the brief), for appellee.

Before KNAPP and WADDILL, Circuit Judges, and GRONER, District Judge.

WADDILL, Circuit Judge. On the 30th of September, 1920, the United States Shipping Board Emergency Fleet Corporation chartered its ship Awensdaw to the Lowrence Navigation Company, a corporation chartered under the laws of Massachusetts, for the period of three months, upon a bare boat charter. Subsequently, on the 20th of October, 1920, the charterer rechartered the ship to Coale & Co., of New York, for a cargo of coal from Baltimore, Md., to Rouen, obligating themselves to obtain bunkers for the voyage. On the 28th of October, while at the port of Baltimore, the appellee, at the instance of Coale & Co. placed upon the vessel, and incurred incidental expenses in connection therewith, some 936 tons of coal, for which they were not paid either by Coale & Co. or the Lowrence Navigation Company, and thereupon the libel in this case was filed against the United States and the United States Shipping Board Emergency Fleet Corporation, appellants herein.

The District Court by its decree of January 14, 1922, adjudged the United States and the United States Shipping Board Emergency Fleet Corporation, owners of the vessel, liable for the amount of the bill, with interest, from which decision this appeal is taken. The sole question presented is whether liability exists against the ship for the amount of said decree. The District Court evidently took the view that under the Act of June 23, 1910, 36 Stat. 604 (Comp. St. §§ 7783–7787), as re-enacted by subsections P, Q, R, S, and T of section 30 of the Merchant Marine Act of June 5, 1920 (41 Stat. 1005, 1006), a lien existed against the vessel for the claim, regardless of the liability of others therefor. Since this decision was rendered, the Supreme Court of the United States on January 2, 1923, in the case of United States v. Carver, 43 Sup. Ct. 181, 67 L. Ed. 214, held that, where a vessel was being operated by a charterer, no recovery could be had against the ship, where the parties furnishing supplies could, or by the exercise of reasonable diligence would, have ascertained that by the terms of the charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor. Under the agreed facts in this case, it is admitted that the appellee did nothing to inform itself as to the ownership of the vessel, or the existence of either of the charter parties affecting the same, and it is fairly deducible from all the facts that there would have been no difficulty in procuring this information by the exercise of reasonable diligence.

It follows under the Carver decision aforesaid, and the decision of this court in the case of United States v. Safe Deposit & Trust

Co., 289 Fed. 802, decided March 23, 1923, that the decree of the lower court should 'be reversed, and the libel dismissed.

Reversed.

KNAPP, Circuit Judge, who took part in the hearing of this case, died before the opinion was announced.