## THE CAPITAINE FAURE.

(District Court, E. D. New York. November 19, 1923.)

**Maritime liens ⊂⊃30—Vessel held not liable for stevedoring services rendered charterer.**

Vessel *held* not liable for stevedoring services rendered when it was under charter by charter party obligating charterer to pay for all stevedoring services, in view of failure to exercise reasonable diligence to ascertain authority of person at whose instance services were rendered to bind vessel therefor, under Merchant Marine Act 1920, § 30, subsec. P. (Comp. St. Ann. Supp. 1923, § 8146¼ooo), by making inquiries of such person or of master of ship.

Decree affirmed 5 F.(2d) 1009.

Byrnes & Stoneham, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for claimant.

CAMPBELL, District Judge. This is a suit in admiralty, and the libelant has filed a libel in rem against the steamship Capitaine Faure, etc., for stevedoring services rendered

in loading a French vessel in the Harbor of New York, which is not the home port of said vessel.

Between the 5th day of May, 1923, and the 9th day of May, 1923, the libelant, at the request of Ferdinand H. Jaeger, performed certain work, labor, and services in loading said ship at Pier 46, Brooklyn, N. Y.

That during all of that time the said ship was under charter to one Reuben I. Cameron, of New York, by virtue of a charter party dated March 21, 1923, in and by which the charterer was obligated to pay for all stevedoring services.

Ferdinand H. Jaeger was not the owner of said vessel or a person authorized by the owner to contract for stevedoring services, nor was said Ferdinand H. Jaeger a person to whom the management of the vessel at the port of supply was intrusted, under the provisions of the Merchant Marine Act June 5, 1920 (41 Stat. 1005, subsection P of section 30 [Comp. St. Ann. Supp. 1923, § 8146ooo]).

The charter party or a certified copy thereof was at all the times alleged by the libelant, as the time of rendering stevedoring services, with the captain aboard said ship.

Ferdinand H. Jaeger never represented the owner, but was only engaged in securing cargo for the charterer, and could not by his statement bind the owner; but it is conclusively shown by the evidence in this suit that the libelants never inquired of the said Ferdinand H. Jaeger whether the said ship was under charter, of which said Ferdinand H. Jaeger was fully informed, and a copy of said charter party was in his possession, nor did the libelants make any inquiry of the captain, who could not only have informed them that the said ship was under charter, but could have exhibited the charter party or a certified copy thereof to the libelant, from which it would have been fully informed that the charterer alone was liable for the payment for its services.

The libelant was bound by section 30 of

5 F.(2d)—64

the Merchant Marine Act, supra, to exercise reasonable diligence to ascertain the authority of the person ordering the services to bind the vessel therefor, but libelant did not use reasonable diligence to ascertain whether the person ordering such services had authority to bind the vessel, but simply assumed without any inquiry that said Ferdinand H. Jaeger had such authority, when by inquiry either of him or the captain of the ship the required information could have been obtained.

The libel herein should therefore be dismissed. United States v. Carver, 260 U. S. 482, 43 S. Ct. 181, 67 L. Ed. 361, 1923 A. M. C. 47; The Awensdaw (C. C. A.) 289 F. 803, 1923 A. M. C. 505; The Thordis (D. C.) 290 F. 255, 1923 A. M. C. 581; The Susquehanna (D. C.) 3 F.(2d) 1014, 1923 A. M. C. 643.

A decree may be entered dismissing the libel, with costs.