## FREY & SON, Inc., v. UNITED STATES et al.

(Circuit Court of Appeals, Fourth Circuit.
September 29, 1924.)

No. 2194.

**1. Maritime liens ⚖══30—Furnisher of supplies to vessel operated by purchaser from Shipping Board held not entitled to lien.**

A furnisher of supplies to a vessel on orders of a purchaser from the Shipping Board, with knowledge that the contract was one of conditional sale and that the purchase price had not been paid, was charged with the duty of inquiring as to the terms of the contract, and acquired no lien where the contract expressly prohibited the purchaser from imposing liens.

**2. Maritime liens ⚖══30—Contract of sale held to prohibit imposition of liens by purchaser.**

A provision of a contract of conditional sale of a vessel that the buyer shall not suffer to be continued any lien, and shall within 15 days after it becomes due discharge any claim that might have preference over the title of the seller, supplemented by a further provision that the buyer shall carry a certified copy of the contract with the ship's papers, to give notice to the world that the buyer has no right or power to permit liens, *held* effective to prevent the imposition of such liens.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in admiralty by Frey & Son, Inc., against the United States, the United States Shipping Board, and others. Decree for respondents, and libelant appeals. Affirmed.

Wendell D. Allen, of Baltimore, Md. (J. Purdon Wright, of Baltimore, Md., on the brief), for appellant.

Frederick R. Conway, Admiralty Atty. U. S. Shipping Board, of Washington, D. C. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for appellees.

Before WOODS and WADDILL, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. The steamship West Haven, registered in the office of the collector of customs at Newport News as the property of the United States, was delivered to the Atlantic, Gulf & Pacific Steamship Corporation by the United States Shipping Board Emergency Fleet Corporation under a conditional contract of sale dated January 19, 1921. The contract provided that, when the purchaser should pay one-half the purchase price and perform other covenants mentioned, the seller would execute a bill of sale; the purchaser giving a mortgage for the remainder of the purchase price.

The purchaser defaulted, and on August 12, 1922, the United States in proper proceeding caused the vessel to be seized by the marshal. On August 15, 1922, the Atlantic, Gulf & Pacific Steamship Corporation was adjudged bankrupt. On September 18, 1922, Frey & Son, Inc., filed this libel for supplies furnished the vessel on the order of the Atlantic, Gulf & Pacific Steamship Corporation while that corporation was operating it. The question is whether the libelant acquired a charge for supplies against the United States.

[1] The libelant was informed by the conditional purchaser of the existence of the contract with the Shipping Board. According to the testimony, Frey & Son, Inc., furnished the supplies relying on the statement of the purchaser that the Shipping Board had only a mortgage, and that the value of the vessel over the unpaid pur-

chase money was ample to secure payment, and on the assurance of its counsel that it would have a lien for supplies superior to the claim of the United States. Libelant did not seek information from the Shipping Board and made no effort to see the contract of sale. Evidently this was not the "reasonable .diligence" to ascertain the terms of the contract of sale required by the statute.

[2] The point is pressed that the following provision of the contract of sale did not forbid a lien for supplies, but, on the contrary, contemplated that such a lien might be created, which the purchaser undertook to remove within 15 days:

"The buyer shall not suffer to be continued any lien or charge having priority to or preference over the title of the seller in the vessel, or any part thereof, but will in due course and in any event within fifteen (15) days after the same becomes due and payable, pay or cause to be discharged or make adequate provision for the satisfaction or discharge of all lawful claims or demands which might in equity, in admiralty or at law or pursuant to any statute have precedence over the title of the seller as a lien or charge upon the vessel, or any part thereof, or cause the vessel to be released or discharged from any lien therefor, * * * always, however, subject to the condition that the vessel be discharged from any libel, attachment or other detention under process or color° of legal authority within fifteen (15) days from the time when same attaches. If the vessel shall be libeled, attached, or seized under writ or process in any judicial proceeding, the buyer shall forthwith notify the seller in writing of such proceeding, and shall forthwith proceed to take such steps as will release the vessel from such writ or process by filing an undertaking, stipulation, or otherwise as may be permitted."

The argument is that this provision brings the case under the reasoning and decision in the South Coast Case, 251 U. S. 519, 40 S. Ct. 233, 64 L. Ed. 386; and not under United States v. Carver, 260 U. S. 482, 489, 43 S. Ct. 181, 67 L. Ed. 361. There may be doubt whether this provision of the contract, standing alone, forbade the creation of any lien on the vessel by the conditional purchaser; but we think all doubt is dispelled by another provision of the contract for the sale of the vessel:

"The buyer agrees to carry a properly certified copy of this agreement with the ship's papers, and to take such other ap-propriate steps designated to it by the seller from time to time as required by circumstances as will give notice to the world that the buyer has no right, power, nor authority to suffer or permit to be imposed on or against the vessel any liens or claims which might be deemed superior to or a charge against the interest of the seller in the vessel."

The contract of sale forbade the creation of a lien on the vessel by the conditional purchaser. The libelant knew that there was a conditional contract of sale, and that the purchase money had not been paid, and it was charged with inquiry as to its terms. United States v. Carver, 260 U. S. 482, 489, 43 S. Ct. 181, 67 L. Ed. 361; Colonial Beach Co., Owner and Claimant of the Steamship St. Johns, v. Quemahoning Coal Co., 260 U. S. 707, 43 S. Ct. 246, 67 L. Ed. 274; Delbert Barge Building Co. v. United States (4th Circuit) 289 F. 805; Morse Dry Dock & Repair Co. v. United States (2d Circuit) 1 F. (2d) 233; The P. H. Gill & Sons Forge & Machine Works v. United States (4th Circuit) 1 F. (2d) 964 (opinion filed this day); Standard Oil Co. v. United States (4th Circuit) 1 F. (2d) 961 (opinion filed this day).

Affirmed.