P. H. GILL & SONS FORGE & MACHINE WORKS v. UNITED STATES (two cases). THE MORGANZA. THE MOOSABEE.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

Nos. 2220, 2221.

1. Maritime liens ⊚�366⟩30 — "Reasonable diligence" of furnisher requires more than reliance on statement of person in possession of vessel.

The statutory requirement of "reasonable diligence" on the part of the furnisher of repairs or supplies to a vessel to ascertain the authority of the person in possession to bind the vessel is not met by reliance on the mere statement of such person that he is the owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Diligence.]

2. Maritime liens ⊚�366⟩30—Furnisher of supplies held not entitled to lien.

A furnisher of repairs and supplies to vessels on orders of a corporation in possession, in reliance on the statement of its officers that the corporation was owner, held not entitled to a lien where it had knowledge that the vessels had been acquired from the Shipping Board, and an inspection of their documents, or inquiry of the Shipping Board would have disclosed that the corporation was a charterer and without power to impose liens.

Appeals from the District Court of the United States for the Eastern District of

Virginia, at Norfolk; D. Lawrence Groner, Judge.

Suits in admiralty by the P. H. Gill & Sons Forge & Machine Works against the United States, as owner of the Steamships Morganza and Moosabee. Decrees for the United States, and libelant appeals. Affirmed.

William F. Purdy, of New York City (Hughes, Vandeventer & Eggleston and J. W. Eggleston, all of Norfolk, Va., on the brief), for appellant.

H. H. Rumble, Sp. Asst. in Admiralty to U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., and Arthur M. Boal, Asst. Admiralty Counsel U. S. Shipping Board, of Boston, Mass., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The libelant, the P. H. Gill & Sons Forge & Machine Works, assign errors in the decrees of the District Court dismissing its libels setting up claims against the United States, owner of the steamships Morganza and Moosabee for repairs and supplies. Both vessels were owned by the United States and operated by the States Steamship Corporation under charter contracts with the Shipping Board containing options of purchase. The contract for the Morganza was in writing, with the familiar provision: "The charterers will not suffer nor permit to be continued any lien, incumbrances, or charge which has or might have priority over the title and interest of the owner in said vessel." The Moosabee had been substituted by oral agreement for the Oyaka, which had been chartered under a written contract like that for the Morganza. The documents on both vessels showed that they were owned by the United States.

[1] The libelant contends that the cases are taken out of the rule requiring inquiry by the furnisher as to the right of a person in possession of a vessel to put a lien upon it by the fact that before the repairs were made and the supplies furnished the officers of the States Steamship Corporation represented that corporation to be the owner of the vessels. The statutory requirement of reasonable diligence on the part of a furnisher of a vessel to ascertain the authority of a person in possession to bind the vessel is not necessarily met by reliance on the mere statement of the person in possession that he is the owner. If such a statement were held always to take the place of inquiry from accessible sources, the statute would afford no protection to persons having the right to contract that their vessels should be kept free from liens.

[2] The affidavits of the officers of the libelant show that they knew the ships had been built by the Shipping Board and possession acquired from it by the States Steamship Corporation. The absence of any authority of the States Steamship Corporation to place a lien on the vessels would have appeared by any inquiry either of the officers of the States Steamship Corporation or of the Shipping Board, or by inspection of the ships' documents; but no inquiry was made. The cases fall clearly within United States v. Carver, 260 U. S. 482, 43 S. Ct. 181, 67 L. Ed. 361, and Colonial Beach Company, Owner and Claimant of the Steamer St. Johns, v. Quemahoning Coal Co., 260 U. S. 707, 43 S. Ct. 246, 67 L. Ed. 474; Deibert Barge-Building Co. v. United States (C. C. A. 4th Circuit) 289 F. 805; Morse Dry Dock & Repair Co. v. United States (C. C. A. 2d Circuit) 1 F. (2d) 233; Standard Oil Co. v. United States (C. C. A. 4th Circuit) 1 F. (2d) 961 (opinion this day filed); Frey & Son, Inc., v. United States (C. C. A. 4th Circuit) 1 F. (2d) 963 (opinion this day filed).

Affirmed.