**OLD DOMINION STEAMSHIP COMPANY,** Appellant, v. UNITED STATES, Appellee. (Circuit Court of Appeals, Fourth Circuit. January 13, 1925.) No. 2291. Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge. Emory H. Niles, of Baltimore, Md. (George S. Yost and Niles, Wolff, Barton & Morrow, all of Baltimore, Md., and Root, Clark, Buckner & Howland, of New York City, on the brief), for appellant. Arthur M. Boal, Asst. Admiralty Counsel, U. S. Shipping Board, of Washington, D. C. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for the United States. Before WOODS, WADDILL, and ROSE, Circuit Judges.

PER CURIAM. The decree of the District Court (297 F. 534) is affirmed, on the authority of United States v. Carver, 260 U. S. 482, 43 S. Ct. 181, 67 L. Ed. 361, and the decisions of this court in Gill v. United States (Sept. 29, 1924) 1 F.(2d) 964, Frey v. United States (Sept. 29, 1924) 1 F.(2d) 963, and Standard Oil Co. v. United States (Sept. 29, 1924) 1 F. (2d) 961. Affirmed.

---

**2**

Daisy E. SMITH, Plaintiff in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Ninth Circuit. March 16, 1925.) No. 4431. In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington. John F. Garvin, of Spokane, Wash., for plaintiff in error. Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash., for the United States. Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. The plaintiff in error was tried and convicted under an information containing a count which charged that she sold beer and whisky, and a count which charged that she maintained a common nuisance by selling and keeping for sale intoxicating liquor, at a certain named place in Spokane, Wash. The court imposed a sentence of imprisonment of 60 days and payment of a fine of $300. She sued out a writ of error, and relied upon one point only—that the court abused its discretion in imposing a sentence of such severity. In support of her argument she refers to certain affidavits filed before judgment of the lower court, by physicians, who stated, in effect, that largely as a result of an accident her physical condition was such that confinement in jail would tend to break down her health. There is no suggestion that the statute under which judgment was pronounced is

unconstitutional, or that the punishment was not well within the limit provided by the law. Nor does the record contain any showing which excepts the case from the established rule that appellate courts will not revise the sentences of the District Courts in criminal cases. Ex parte Watkins, 7 Pet. 568, 8 L. Ed. 786; Goldberg v. United States (C. C. A.) 277 F. 211; Feinberg v. United States (C. C. A.) 2 F.(2d) 955. The judgment is affirmed.

---

**3**

Florence STARRITT and John Mann, Plaintiffs in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Ninth Circuit. March 2, 1925.) No. 4283. In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington. M. E. Mack, of Spokane, Wash., for plaintiffs in error. Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash. Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. This case comes before us without assignment of error other than that, at the close of the testimony for the prosecution, the trial court overruled the challenge of plaintiffs in error to the sufficiency of the evidence, and that the motion for a new trial was overruled. As no motion was made at the close of the testimony for an instructed verdict, and the ruling on the motion for a new trial is not reviewable here, no question is properly brought before this court for decision. But it is contended that there was no evidence to go to the jury to sustain the verdict. We have looked sufficiently far into the transcript to discover that the contention is without merit. The testimony fairly indicates that the plaintiffs in error were conducting a certain hotel when prohibition officers entered the same, and discovered that a large party was in progress and that a number of guests were drinking intoxicating liquor. There was testimony that the plaintiffs in error were the managers of the hotel. An attempt was made to show that the premises, which had been previously leased to the plaintiff in error Starritt, had been sublet by her to another. But there were testimony and circumstances which tended to indicate that such was not the fact, and that the jury were justified in discrediting her testimony. Among the items of the evidence was her express admission that she was the landlady. The judgment, therefore, must be affirmed.