THAMES TOWBOAT COMPANY *v.* THE SCHOONER "FRANCIS McDONALD," HER TACKLE, &c., CUMMINS, CLAIMANT.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 97. Argued November 18, 1920.—Decided December 6, 1920.

The rule that contracts for the construction of ships are non-maritime and not within the admiralty jurisdiction applies to contracts for the work and material necessary to finish a partly constructed vessel which has been launched. P. 243.

Affirmed.

THE case is stated in the opinion.

*Mr. Samuel Park,* with whom *Mr. Henry E. Mattison* was on the brief, for appellant.

*Mr. Mark Ash,* with whom *Mr. Peter Alexander* was on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The libel was dismissed for want of jurisdiction and the cause is here on that question only.

Seeking to recover for alleged supplies furnished and repairs made to the schooner "Francis McDonald" appellant libeled the vessel in United States District Court, Southern District of New York.

Under a definite contract the Palmer Shipbuilding Company began construction of the schooner at Groton, Connecticut, and launched the hull. That company found itself unable to proceed further, thereupon appellant agreed with the owner to complete the work and for such purpose the hull was towed to its yard at New London. While lying there in the stream the materials, work and labor for which recovery is now sought were furnished. Later the vessel, so advanced, was towed to Hoboken and finished by a third company. When received by appellant the schooner was manifestly incomplete—her masts were not in, the bolts and beams and gaff were lying on deck, the forward house was not built, and she was not "in condition to carry on any service." Appellant worked on her for six weeks, and thirty or forty more days were required to finish her.

Was appellant's contract to furnish the materials, work and labor for her completion, made after the schooner was launched but while yet not sufficiently advanced to discharge the functions for which intended, within the admiralty and maritime jurisdiction? The District Court thought not and so do we.

Under decisions of this court the settled rule is that a contract for the complete construction of a ship or supplying materials therefor is non-maritime and not within the admiralty jurisdiction. *People's Ferry Co.* v. *Beers*, 20 How. 393; *Roach* v. *Chapman*, 22 How. 129; *Edwards* v. *Elliott*, 21 Wall. 532; *The Winnebago*, 205 U. S. 354, 363; *North Pacific S. S. Co.* v. *Hall Bros. Co.*, 249 U. S. 119, 125.

But counsel for appellant insist that there is a broad distinction between such a contract and one for work and

material to finish a vessel after she has been launched and is water-borne. In support of this position they rely upon *The Eliza Ladd* (1875), Fed. Cases No. 4364; *The Revenue Cutter* (1877), Fed. Cases No. 11714; both by Judge Deady, in the United States District Court for Oregon—*The Manhattan*, District Court for Washington (1891), 46 Fed. Rep. 797, which followed the District Court for Oregon; and *Tucker* v. *Alexandroff*, 183 U. S. 424, 438. The first three cases are directly in point, but are opposed by many of no less authority. *Tucker* v. *Alexandroff* must be read in the light of the particular matter under consideration—detention of a foreign seaman—and the conclusion announced, that after the vessel was launched "she was a ship within the meaning of the treaty." The court had no immediate concern with contracts for ship construction, and there was no purpose to lay down any definite rule applicable to them. On the other side the following cases are cited, and they are entitled to the greater weight: *The Iosco*, Fed. Cases No. 7060; *The Pacific*, 9 Fed. Rep. 120; *The Count de Lesseps*, 17 Fed. Rep. 460; *The Glenmont*, 32 Fed. Rep. 703, and 34 Fed. Rep. 402; *The Paradox*, 61 Fed. Rep. 860; *McMaster* v. *One Dredge*, 95 Fed. Rep. 832; *The United Shores*, 193 Fed. Rep. 552; *The Dredge A*, 217 Fed. Rep. 617; *The Winnebago*, 205 U. S. 354, 363; *North Pacific S. S. Co.* v. *Hall Bros. Co.*, 249 U. S. 119, 125.

Notwithstanding possible and once not inappropriate criticism, the doctrine is now firmly established that contracts to construct entirely new ships are non-maritime because not nearly enough related to any rights and duties pertaining to commerce and navigation. It is said that in no proper sense can they be regarded as directly and immediately connected with navigation or commerce by water. *Edwards* v. *Elliott*, 21 Wall. 532, 554, 555; *The William Windom*, 73 Fed. Rep. 496; *Pacific Surety Co.* v. *Leatham & Smith Towing Co.*, 151 Fed. Rep. 440. And

we think the same reasons which exclude such contracts from admiralty jurisdiction likewise apply to agreements made after the hull is in the water, for the work and material necessary to consummate a partial construction and bring the vessel into condition to function as intended.

The judgment of the court below is

*Affirmed.*