## AMERICAN SHIPBUILDING & DOCK COR-PORATION et al. v. JOHN ROURKE & SONS.*

(Circuit Court of Appeals, Fifth Circuit.
March 10, 1925.)

No. 4347.

1. Admiralty ⬅11—Libel for materials furnished and labor done in equipping completed barge with loading and unloading equipment held within admiralty jurisdiction.

Libel in rem for materials furnished and work done in concrete barge, which had been built and launched, but had never been engaged in commerce, in furnishing and equipping barge with loading and unloading apparatus, so as to comply with owner's contract to charter barge for service in sugar trade, requiring equipment of barge with such apparatus, *held* within admiralty jurisdiction.

2. Contracts ⬅213(1)—Repairs to barge completed in reasonable time sufficient.

Cross-libel in personam for delay in equipping barge with loading and unloading apparatus could not be sustained, where contract stipulated no time for completion, and the work was done honestly in a reasonable time though not so fast as larger plants could have completed the work, and no damage from delay was shown.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Libel by John Rourke & Sons against the American Shipbuilding & Dock Corporation, claimant of the barge Amsadoc, and others. Judgment for libelant, and respondents appeal. Affirmed.

Francis P. McIntire and Thomas F. Walsh, both of Savannah, Ga. (Morris H. Bernstein, of Savannah, Ga., on the brief), for appellants.

A. A. Lawrence and Edmund H. Abrahams, both of Savannah, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee filed a libel in rem for materials furnished and work done on the concrete barge Amsadoc. Appellant, owner of the barge, answered, and contested appellee's claim as being excessive, and filed a cross-libel in personam for damages for delay, and later by amendment alleged that the material and work set out in the libel contributed to the building and completion of an entirely new vessel, and therefore that appellee's claim was not within the maritime jurisdiction.

The Amsadoc was built and launched in Beaufort, S. C., where she was practically completed. The original plan provided for the common type of barge, and did not include loading and unloading apparatus. Appellant entered into a contract to charter the barge for service in the sugar trade on the coast of Cuba, one of the terms of which required that the barge should be equipped with loading and unloading apparatus. Thereupon the barge was towed from Beaufort to Savannah, where appellant entered into a contract with the appellee, by which the latter agreed to furnish and install the equipment required by its previous contract of charter. There was no time limit fixed in the equipment contract. The District Judge found from the evidence that the materials and work were reasonably worth $7,342.51, of which $2,000 had been paid, and entered a decree in favor of the appellant for $5,-342.51, and rejected appellant's claim for delay as not being supported by the evidence.

[1] Appellant's principal contention is that the contract is not maritime in its nature, and consequently not within the admiralty jurisdiction. In support of that contention The Francis McDonald, 254 U. S. 242, 41 S. Ct. 65, 65 L. Ed. 245, is cited. That was a case of a schooner whose "masts were not in," and whose "bolts and beams and gaff were lying on deck, the forward house was not built, and she was not 'in condition to carry on any service.'" It was held that the schooner was not sufficiently advanced to discharge the functions for which she was intended, and that the contract for her completion was not within the admiralty jurisdiction. A schooner without sails is not properly equipped to engage in commerce, but there are many barges in actual use which do not have loading and unloading devices.

We are of opinion that this case falls rather within the doctrine of the later Supreme Court case of The Jack-O'Lantern, 258 U. S. 96, 42 S. Ct. 243, 66 L. Ed. 482, in which it is held that the admiralty court has jurisdiction to enforce a lien for work and material necessary to convert a car float, having neither motive power nor steering gear, into a pleasure craft, with a dance hall, rooms, balconies, etc., and that reasonable doubts should be resolved in favor of such jurisdiction. What was done by the appellee in the case at bar was to equip a completed barge for a particular kind of service. The case is not different than it would be if the barge had been engaged in the usual work for which it was designed and built, and had thereafter been fitted up with hoisting apparatus to facilitate the loading and unloading of cargo. It can make no difference that

*Certiorari denied 45 S. Ct. 638, 69 L. Ed. —.

the barge had never been engaged in commerce. The Mountaineer (C. C. A.) 286 F. 913.

[2] Appellee's plant was a small one. It was not equipped to do work as rapidly as experts, who testified for the appellant, stated it should have been done, but the work as it progressed appears to have been honestly done, in a way and at prices satisfactory to appellant. Complaint of the cost was not made until the work was completed. The District Court did not allow more than was reasonably and fairly earned by appellee.

The cross-libel was properly dismissed. There was no time limit in the contract, and the work was done within a reasonable time. It is not shown by a preponderance of the evidence that appellant suffered any damage by reason of the fact that the work was not earlier finished.

The decree is affirmed.