**Charles W. BOND, Plaintiff,**

v.

**F/V MERMAID, Defendant.**

**No. 69–71–Civ.**

United States District Court.

S. D. Florida.

May 1, 1970.

Greene & Downing, Miami, Fla., for plaintiff.

Alfred M. Carvajal, Miami, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF DISMISSAL

CABOT, District Judge.

This cause came before the court, sitting without a jury. After having considered the proofs submitted, the record as it appears in the file, and the advices of counsel, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The amended complaint in rem alleges that the plaintiff, Charles Bond, a naval architect, pursuant to the orders of the owners of the defendant vessel performed work thereon in the nature of alterations and additions. Plaintiff asserts that this work was independent of and supplemental to an earlier contract existing between the plaintiff and the builder owner of the vessel whereby the plaintiff was to prepare the original plans for the vessel and to supervise its construction. Admiralty jurisdiction is alleged.

The answer denies the material allegations of the complaint, denies that the claim is one within the admiralty jurisdiction of the court, and asserts as a compulsory counterclaim that the plaintiff breached his original contract in respect to the design and construction of the vessel to the detriment of the defendant.

█ The testimony of the plaintiff and the exhibits introduced established

that the work performed, i. e., drafting, conferences, calculations, correspondence, etc., all related to the original construction of the vessel and that these services furnished under the later agreement were supplied in contemplation of completing the original undertaking for the design and supervision of the vessel's construction. This contract, being one for services furnished in the construction of a ship, is governed by the case of The Francis McDonald, 1920, 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245, and does not furnish a basis for a claim within the admiralty jurisdiction of this court. The plaintiff does not assert, nor does the complaint indicate, other jurisdictional grounds.

A defendant's compulsory counterclaim, lacking independent jurisdictional grounds, must be dismissed where the plaintiff's claim is dismissed for lack of federal jurisdiction. United States for Use and Benefit of T Square Equipment Corp. v. George J. Schaefer Sons, Inc., E.D.N.Y.1967, 272 F.Supp. 962, 964.

## CONCLUSIONS OF LAW

The court, on the basis of the above findings, concludes that (1) the complaint fails to state a claim within the admiralty jurisdiction of the court, and (2) the counterclaim, lacking independent jurisdictional grounds, is not within the jurisdiction of the court.

## ORDER OF DISMISSAL

Accordingly, it is ordered and adjudged that:

1. The complaint be and the same is hereby dismissed for lack of federal jurisdiction.

2. The counterclaim be and the same is hereby dismissed for lack of federal jurisdiction.

3. The bonds herein posted are cancelled and the sureties thereon discharged from further liability.

4. Defendant-Counterclaimant's costs shall be taxed in accordance with law.