James **JOHNSON**, Plaintiff-Appellant,

v.

**OIL TRANSPORT COMPANY, Inc.,** a corporation, Defendant and Third-Party Plaintiff-Appellee,

v.

**BENDER WELDING & MACHINE COMPANY, Inc.,** Third-Party Defendant.

No. 28418.

United States Court of Appeals, Fifth Circuit.

June 24, 1971.

Certiorari Denied Oct. 12, 1971.

See 92 S.Ct. 109.

Francis M. Thigpen, Ross Diamond, Jr., Diamond & Lattof, Mobile, Ala., for appellant.

A. Clay Rankin, Alex F. Lankford, III, Mobile, Ala., Hand, Arendall, Bedsole, Greaves & Johnson, Mobile, Ala., of counsel, for plaintiff-appellee.

Deutsch, Kerrigan & Stiles, Brunswick G. Deutsch, Edwin J. Curran, Jr., New Orleans, La., Vickers, Riis, Murray & Curran, Mobile, Ala., of counsel, for defendant-appellee.

ON PETITION FOR REHEARING OF 440 F.2d 109 AND PETITION FOR REHEARING EN BANC

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge (dissenting):

For the reasons stated in my dissent to the panel's decision, I dissent to the Court's denial of rehearing en banc. This encompasses both (i) the substantive error and (ii) the importance of the problem.

On the importance phase, each day offers fresh proof. In a fascinating—and in my judgment an otherwise correct—decision, Judge Dyer's opinion for this Court in finding no admiralty jurisdiction does it solely on the basis that the nature of the work being done disqualified the repairyard employee as a *Sieracki* vicarious seaman. Delome v. Union Barge Line Co., et al., 5 Cir., 1971, 444 F.2d 225. On this test I can imagine few repair jobs on modern ships which would qualify. Nearly all will require heavy steel plates, cranes or hoists, welding equipment and, for that matter, the use of floating dry docks and the like.

Almost as recent is the opinion of Judge Clark for us in Keller v. Dravo Corp., 5 Cir., 1971, 441 F.2d 1239. There decision turns on the withdrawal of the vessel from navigation in the West sense because the recent sinking of the barge made extensive repairs essential. A common hazard in the shipping trade is that of collision with the prospect that bows will be holed calling for drydocking and extensive repairs which are designed to restore to active trading a vessel which has been withdrawn from so-called "navigation" only briefly and then frequently by reason of conditions beyond her control.

True, the *Sieracki-Ryan-Yaka* syndrome is the subject of much criticism. But until it is repudiated it ought not to be stranded on such restrictive limitations.

Except for the traditional longshoreman loading or discharging cargo and repairmen making repairs or adjust-

ments calling only for simple hand tools the warranty of seaworthiness means little in the Fifth Circuit. And what little it means today dwindles tomorrow with each new opinion.

Whether my substantive view is correct is not too important. But I think it important that the whole Court should pass on these principles of recurring significance. Failing to do that, I can only hope others will do so.