**Herman J. FRANKS, Plaintiff,**

v.

**LAND AND MARINE APPLICATORS, INC., Defendant.**

**Civ. A. No. 70–3389.**

United States District Court, E. D. Louisiana.

Aug. 18, 1972.

244

Robert Morlas Schoenfeld, Bruce W. Dinwiddie, Harris M. Dulitz, New Orleans, La., for plaintiff.

Lawrence J. Ernst, New Orleans, La., for defendant, Land and Marine Applicators, Inc.

Felicien P. Lozes, New Orleans, La., for defendant, Macke Coating, Bagwell-Neal Branch.

John J. Broders, New Orleans, La., for defendant, Wayne White Paint Co., d/b/a Alpha Painters, Inc.

ALVIN B. RUBIN, District Judge:

Herman J. Franks, sued Land & Marine Applicators alleging that he was employed by Land & Marine as a seaman and crew member and that he incurred silicosis due either to defendant's negligence or to the unseaworthiness of the defendant's vessel. He sought to recover from his employers under the Jones Act and for unseaworthiness of the vessels aboard which he worked under general maritime law.

Later the plaintiff joined Macke Coatings, for whom he had also worked, as one of several additional defendants, seeking recovery on the same two claims. Macke Coatings now seeks summary judgment on the basis that, as to the Jones Act claim, the plaintiff was never a member of the crew of a vessel, 46 U.S.C. § 688; Swanson v. Marra Brothers, Inc., 1946, 328 U.S. 1, 7, 66 S. Ct. 869, 90 L.Ed. 1045 and, as to the claim for unseaworthiness, Franks never worked aboard a vessel and hence has no claim under general maritime law. Victory Carriers, Inc. v. Law, 1971, 404 U. S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383.

Franks' deposition has been taken, and the affidavit of William Trammell, employed as Chief Estimator for American Marine Corp., has been filed. These demonstrate that Macke Coatings did not own or operate any boats or vessels; that all of Franks' work for Macke Coatings was performed either on land or on fixed platforms. While working on a fixed platform, the plaintiff and his co-employees were housed on the platform. The equipment used by them was situated on the platform. Contrary to the methods that may have been used by other sandblasters in the Gulf, Macke Coatings did not operate from a supply barge or vessel; its men were not housed on a vessel nor was its equipment stationed on a vessel while in use.

Franks worked at one job on water, sandblasting on a Dow Barge in the Industrial Canal. Franks stated in his deposition that this was new construction; that he did not eat or sleep aboard the barge; and that the construction of the barge was not completed at the time he worked on it. Trammell's affidavit confirms that this barge was not yet completed; that extensive work remained to be done after the sandblasting operations were finished; and that the barge was not completed and delivered to the owner until August 16, 1970, approximately one and one-half months after Franks' work on it was finished. As of the time Franks worked on the barge, it had not been moved from the constructor's docks nor was it ever engaged in carrying cargo.

■ "The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this Court", the U.S. Supreme Court has said, "that it must now be treated as settled." Grant Smith-Porter Ship Co. v. Rohde, 1922, 257 U.S. 469, 470, 42 S. Ct. 157, 158, 66 L.Ed. 321. With respect to vessels under construction the distinction between these concepts may tend to blur. But the picture can readily be brought back into focus.

■■ A contract to build a ship is not maritime and it is not in the jurisdiction of admiralty tribunals. Thames Towboat Co. v. Francis McDonald, 1920, 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245. This rule continues to apply to agreements made after the hull is in the water, for work and materials necessary to complete construction. Ibid. See also General Engine & Machine Works Inc. v. Slay and the F/V Danlyn, S.D.Ala. 1963, 222 F.Supp. 745. Maritime tort jurisdiction is determined, however, by the locality where the injury occurred, The Admiral Peoples, 1934, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633. With respect to a delictual claim, the dispositive issue is whether the cause of action arose on land or on navigable water. Executive Jet Aviation Inc. v. City of Cleveland, 6 Cir. 1971, 448 F.2d 151.

■ A vessel becomes subject to maritime jurisdiction only after it is launched, Tucker v. Alexandroff, 1901,

183 U.S. 424, 438, 22 S.Ct. 195, 46 L.Ed. 264; North Pac. S. S. Co. v. Hall Bros. Marine Ry. & S. Co., 1919, 249 U.S. 119, 121, 39 S.Ct. 221, 223, 63 L.Ed. 510. Until that time, men working aboard her are not entitled to a warranty of seaworthiness, for, if the vessel is not in navigation, there is no warranty of its seaworthiness. Roper v. United States, 1961, 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1; Johnson v. Oil Transport Co., 5 Cir. 1971, 445 F.2d 1402.

■■ Once a vessel is launched and becomes a vessel in navigation the question whether it later is withdrawn from navigation so as to cease being a vessel for purposes of maritime jurisdiction may be a question of fact. See West v. United States, 1959, 361 U.S. 118, 80 S. Ct. 189, 4 L.Ed.2d 161; Butler v. Whiteman, 1958, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754. But that issue is not presented here. For here the vessel had never been completed and there was clearly no warranty of its seaworthiness.

■ Finally it may be suggested that there is a cause of action for negligence if the injury occurs on navigable waters. But this claim, as to the employer, was rejected in The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. That decision of course led to the enactment of the Jones Act, 46 U.S.C.A. § 688, which provides the only remedy for employer negligence. And for it to apply the worker must be a member of the crew of a vessel, Swanson v. Marra Brothers, Inc., 1946, 328 U.S. 1, 7, 66 S. Ct. 869, 872, 90 L.Ed. 1045.

■ Rule 56(e) of the Federal Rules of Civil Procedure provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." A party may not resist a motion for summary judgment merely by reciting the hope that he will be able to ferret out evidence at trial. He must respond at the time with evidentiary matter showing that there is a genuine issue of material fact.

■ The Fifth Circuit Court of Appeals has long recognized that the wholesome utility of the summary judgment device is, in advance of trial, to test, not the bare formal contentions framed in the legal jargon of pleadings, but the intrinsic merits of a matter— whether there is in actuality a real basis for relief or defense. Bruce Construction Corp. v. United States for use of Westinghouse Elec. Supply Co., 5 Cir. 1957, 242 F.2d 873, 874; Wilkinson v. Powell, 5 Cir. 1945, 149 F.2d 335, 337. Consequently, it has invariably rejected the appealing shortcut of summary judgment as a substitute for trial where genuine, material issues of fact remained to be resolved. See De Bardeleben & Egan v. Cummings, 1972, 453 F.2d 320, 324.

The Court of Appeals has, however, been equally vigorous in giving full range to that mechanism, just as consistently rejecting any notion that pretense, or apparent formal controversy, can thwart the application of Rule 56 or hamstring the court in determining whether a given case is a proper one for its application, see Bruce Construction Corp., *supra*. In that case the Court stated the test for the application of Rule 56 thus:

"... when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."

So in this action, where the defendant has moved for summary judgment as to both of the claims asserted by the plaintiff and has set forth facts showing that there is no genuine issue as to any material fact, and where the plaintiff has not responded by alleging specific facts

showing that such an issue does exist, the long line of Fifth Circuit decisions on the matter dictate that summary judgment be entered against him.

The plaintiff has failed to show any genuine issue of material fact that might result in a judgment against Macke Coatings. For these reasons, the motion for summary judgment as to that defendant is granted.