**HATTERAS OF LAUDERDALE, INC.,**
**a Florida corporation, Plaintiff,**

v.

**GEMINI LADY, Defendant.**

No. 86–6302–Civ.

United States District Court,
S.D. Florida.

June 24, 1987.

Michael H. Davidson, of Watson & Clark, Fort Lauderdale, Fla., for plaintiff.

Robert W. Turken, of Dillman and Turken, Miami, Fla., for claimant.

## ORDER OF DISMISSAL

PAINE, District Judge.

This cause comes before the court on claimant's motion to dismiss and for vacatur of release bond and imposition of sanctions (DE 15), plaintiff's response (DE 23), and claimant's reply (DE 26).

Plaintiff Hatteras of Lauderdale, Inc. filed a verified complaint in admiralty (DE 1) against the vessel Gemini Lady, a sixty-one foot yacht, for $86,547.84 allegedly owing for "repairs to the machinery" of the vessel. Plaintiff subsequently filed an amended complaint (DE 11) which alleged the following. The vessel was purchased from plaintiff under a written sales contract dated January 28, 1985, on which plaintiff received full payment on February 18, 1985. Plaintiff and the owner entered into a separate oral contract for "repairs, improvements or modifications" to the vessel for which the owner would pay over and above the price of the original written contract. From February to July 1985, plaintiff made these "repairs, modifications or improvements to the machinery and hull of the vessel" for the reasonable value of $61,009. Although the owner took delivery and title on June 24, 1985, plaintiff has never received the $61,009 due under the oral contract.

The owner of the vessel, American Technical Enterprises, Inc. (claimant or American) filed a claim to defendant (DE 9). This court approved the release of the vessel to claimant (DE 13) after American posted a bond (DE 12). Claimant now moves to dismiss this cause for lack of subject matter jurisdiction and for vacatur of the release bond[1] and imposition of sanctions against plaintiff's counsel (DE 15).

### Motion to Dismiss

Claimant contends that the court lacks subject matter jurisdiction in admiralty over this cause. It argues that the sums in dispute arise out of modifications, customizing, and outfitting which were part of the sale of the vessel and which were completed before delivery. Claimant alleges that, because the amount owing is not for repairs to an existing vessel, jurisdiction in admiralty is lacking.

The various affidavits, depositions, and exhibits submitted by the parties present a threshold question. Plaintiff contends that these submissions raise matters outside the pleadings and therefore may not be considered by the court on a motion to dismiss. While this is generally true, Fed.R.Civ.P. 12(b), a plaintiff facing dismissal under Fed.R.Civ.P. 12(b)(1) can claim no such protections. When the movant makes a factual attack on subject matter jurisdiction,

> the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness at-

---

1. In that motion, claimant also moved for release of the vessel. The court does not address this concern, however, because the relief requested has already been granted (DE 13), and thus the matter is moot.

taches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir.1977) (quoted in *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).[2] Thus, the court is free to make factual findings which are decisive of jurisdiction. The court's power in this regard is broader than its latitude under the summary judgment rules, *see* Fed.R.Civ.P. 56, because the court "is not limited to an inquiry into *undisputed* facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson,* 645 F.2d at 413 (emphasis in original). The instant case presents no credibility determinations or disputed questions of fact which bear upon the legal result and accordingly may be decided by the court on the papers submitted by the parties.

The affidavits, deposition, and exhibits show that the following facts are not in dispute. On or before January 28, 1985, Herbert Postma on behalf of plaintiff and Gunther Bruss on behalf of claimant executed yacht purchase order No. 0195, pursuant to which plaintiff agreed to sell and claimant to buy a new Hatteras yacht. Under the contract plaintiff agreed to modify, customize, and specially outfit the yacht in accordance with claimant's wishes, and a portion of the purchase price was so allocated. Although the special allowance was expended well prior to delivery of the vessel, additional customizing and outfitting was performed by plaintiff over and above the allowance, with claimant's consent. Plaintiff claims that all of the $61,009 sought in this action is for customizing and outfitting performed on the vessel after the special allowance was expended (Postma affidavit, DE 24, ¶ 11). The vessel was delivered to claimant on or about June 24, 1985. At that time plaintiff presented de-

fendant with an invoice for a "balance due on closing" of $63,279. The itemization attached to the invoice details the total price of the customizing less the special decor allowance, leaving $63,279 outstanding (DE 15, ex. B, C).

It is a well-settled principle that a contract for building a ship or supplying materials for its construction is not a maritime contract. *Thames Towboat Co. v. The Francis McDonald,* 254 U.S. 242, 244, 41 S.Ct. 65, 66, 65 L.Ed. 245 (1920); 1 E. Jhirad, A. Sann, B. Chase, & M. Chynsky, *Benedict on Admiralty* § 188 (7th ed. 1985). Even after the vessel is launched, while she is not yet sufficiently ready to perform the function for which she is intended, the materials, work, and labor for her completion are not the subject of admiralty jurisdiction. *Thames Towboat,* 254 U.S. at 245, 41 S.Ct. at 66. After a ship has been built and is ready to enter upon her service, contracts for repairs are maritime. *The Jack-O-Lantern,* 258 U.S. 96, 99–100, 42 S.Ct. 243, 243, 66 L.Ed.2d 482 (1922); 1 *Benedict on Admiralty* § 189. In *Thames Towboat,* the Supreme Court regarded the work done as being for the purpose of completing the original construction, and the contract was accordingly held to be non-maritime. Reasonable doubts concerning whether a contract is for construction or repairs should be resolved in favor of admiralty jurisdiction. *The Jack-O-Lantern,* 258 U.S. at 99, 42 S.Ct. at 243 (woodwork involved in converting railroad car barge with neither motive power nor steering gear into steamer equipped with steering apparatus and steam plant constituted repairs).

The parties hotly contest whether the agreement for additional customizing and outfitting was part of the original contract or constituted a separate oral agreement. In the court's view, this is a distinction without a difference. "[A]dmiralty will not entertain suits where the substantive rights of the parties flow from a con-

---

**2.** Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of*

*Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

tract to sell or construct a vessel." *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht,* 625 F.2d 44, 47 (5th Cir.1980); *see also Richard Bertram & Co. v. The Yacht, Wanda,* 447 F.2d 966, 967–68 (5th Cir. 1971). Even if the amounts allegedly owing are due under a separate oral contract rather than the original contract of sale, the money is claimed for completion of the original construction. *See Thames Towboat,* 254 U.S. at 245, 41 S.Ct. at 66.

The court finds *Dubuque Boat & Boiler Co. v. The Oil Screw Commander,* 251 F.Supp. 923 (W.D.Mo.1966), to be persuasively reasoned and particularly relevant. In that case, after the parties entered into the original construction contract, they agreed to changes and alterations or "extras" which were not within the terms and conditions of the original contract. The court stated:

> [T]he vessel was constructed in compliance both with the specifications which were a part of the original proposal and the changes and additions made to and agreed upon by the parties from time to time as construction progressed. The agreements on the changes and additions are not severable from but constitute an integral part of the entire contract of the parties for the construction of a new vessel. We so find and determine.

*Id.* at 926. The court found it irrelevant that the extras were provided to the owner after the vessel had been delivered, holding that the boat was "not a complete vessel" until the extra items were installed in conformity with the parties' intent to complete the vessel for its intended use as a passenger excursion boat. *Id.* at 927.

Similarly, the modifications, customizing, and outfitting of the Gemini Lady all were within the scope of the contract to construct it in accordance with claimant's specifications. The instant case presents an even stronger scenario than *Dubuque Boat* because plaintiff's own evidence shows that the vessel was delivered only after all of the work in question was completed (Postma affidavit, DE 24, ¶ 14), which demonstrates that the work was part of the construction and sale of the new vessel.

These facts establish that the amounts in dispute are claimed under a contract to build a ship, which is not a maritime contract. *Thames Towboat,* 254 U.S. at 244, 41 S.Ct. at 65. Accordingly, the court lacks subject matter jurisdiction over this cause, and it must be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b) and the release bond discharged.

### *Motion for Sanctions*

Claimant asks that sanctions be imposed against plaintiff's attorney pursuant to Fed.R.Civ.P. 11. Claimant charges that plaintiff's counsel failed to investigate the facts underlying the original verified complaint, brought this action in federal court in contravention of settled law, "invented" the alleged oral contract in an attempt to establish federal jurisdiction, and refused to stipulate to the amount of the release bond.

■ Whether the oral contract existed or was in fact contrived by plaintiff's counsel cannot be resolved by the court on this record. Further, because the court has held the matter to be irrelevant to disposition of the jurisdictional question, it does not merit further inquiry. A refusal to stipulate to the bond cannot, in the court's view, form the basis for sanctions under Rule 11. The alleged failure to investigate does present a cognizable Rule 11 claim. What constitutes a reasonable inquiry, however, may depend on such factors as the amount of time available for investigation and whether the lawyer had to rely on a client for information. Fed.R.Civ.P. 11 advisory committee's note to 1983 amendment. Plaintiff's counsel raises such concerns in his response to the motion for sanctions (DE 23). The problems plaguing the original verified complaint were remedied forthwith in the amended complaint, and the court is not persuaded that reasonable inquiry was lacking sufficient to justify sanctions under Rule 11.

■ The institution of this action, however, is a horse of a different color. The clear facts of this case, considered together with what has been established law in this country since the nineteenth century,

1529

should have dissuaded an attorney from making a federal case out of this matter. While Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," *id.*, plaintiff's counsel did not make a good-faith argument for modification of these long-standing admiralty principles but rather focused his legal energies on arguments about the alleged oral contract. This conduct comes within the scope of Rule 11 and is, in the court's estimation, deserving of sanction. Within thirty days of the date of this order, plaintiff's counsel shall pay to claimant's counsel reasonable attorneys fees in the amount of $1,500 in accordance with the specific terms set out in the Ordered and Adjudged clause of this order.

### Conclusion

It is therefore

ORDERED and ADJUDGED that claimant American Technical Enterprises, Inc.'s motion to dismiss (DE 15) is granted. This cause is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to close this file. It is further

ORDERED and ADJUDGED that claimant American Technical Enterprises, Inc.'s motion for release of vessel (DE 15) is denied as moot. It is further

ORDERED and ADJUDGED that claimant American Technical Enterprises, Inc.'s motion for vacatur of release bond (DE 15) is granted, and the release bond posted by American Technical Enterprises, Inc. as principal and Fidelity and Deposit Company of Maryland as surety (DE 12) is hereby discharged. It is further

ORDERED and ADJUDGED that claimant American Technical Enterprises, Inc.'s motion for sanctions (DE 15) is granted as follows: within thirty days of the date of this order, plaintiff's counsel Michael H. Davidson, Esq. shall pay to claimant's counsel Robert W. Turken, Esq. attorneys fees in the amount of $1,500.00, which shall be held by Mr. Turken for the benefit of his client American Technical Enterprises, Inc. in litigating this cause. The obligation imposed upon Mr. Davidson under this order is without recourse to his client Hatteras of Lauderdale, Inc. Mr. Turken is directed to mail a copy of this order to his client American Technical Enterprises, Inc.