09-0642-cv
Primera Maritime v. Jiangsu Eastern

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand nine.

Present:
> WILFRED FEINBERG,
> JOHN M. WALKER,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,

———————————————————————————————

PRIMERA MARITIME LIMITED, ASTRA FINANCE INC. and COMET FINANCE INC.

> *Plaintiffs-Appellants*,

> v.                                    No. 09-0642-cv

JIANGSU EASTERN HEAVY INDUSTRY CO. LTD and NINGBO NINGSHING INTERNATIONAL INC.,

> *Defendants-Appellees*.

———————————————————————————————

For Plaintiffs-Appellants:    JACK A. GREENBAUM, Blank Rome LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants ("Primera") appeal from a Memorandum Opinion and Order, dated January 30, 2009, of the District Court for the Southern District of New York (Koeltl, *J.*), dismissing their complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of the case.

For a century and a half it has been the Supreme Court's rule that a dispute arising from a contract to build a ship does not fall within the federal courts' admiralty jurisdiction. *Thames Towboat Co. v. Francis McDonald*, 254 U.S. 242, 244 (1920); *People's Ferry Co. v. Beers*, 61 U.S. 393, 402 (1857). This Court has long held the same. *CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 380 n.4 (2d Cir. 1982); *The Ada*, 250 F. 194, 198 (2d Cir. 1918) (Rogers, J., concurring).

Primera argues that this rule has been implicitly overruled by recent decisions of both the Supreme Court and this Court. *See Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14 (2004); *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2d Cir. 2005). Primera is correct to point out that the conceptual approach taken in those cases suggests that modern principles disfavor per se admiralty rules based on the site of a contract's formation or performance. *See Norfolk S. Ry. Co.*, 543 U.S. at 24; *Folksamerica*, 413 F.3d at 314-15.

-2-

Such arguments, however, do not relieve this Court of its obligation to apply the well-established rule that directly controls the outcome of this case. *See Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484 (1989); *United States v. Gomez*, 580 F.3d 94, 104 (2d Cir. 2009). Until the Supreme Court declares that contracts for ship construction are maritime in nature, disputes arising from such contracts will not give rise to the federal courts' admiralty jurisdiction. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____